## Parks *versus* Smith.

1. A. and B., in dissolving partnership, agreed that A. should accept certain lumber piled upon the ground of a third person as his share of the partnership property, for which A. took a bill of sale. The land was subsequently sold by the sheriff, on a judgment against B. and another. A. gave notice at the sale that he owned the property. In trespass by A. against the sheriff and execution creditor, *Held*, that it was properly submitted to the jury to determine whether the evidence of assumption of control by plaintiff was bona fide or merely colorable, and whether it was enough to give notice to the world.

2. McKibbin *v.* Martin, 14 P. F. Smith 352, followed.

March 16th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Wyoming county:* Of January Term 1880, No. 64.

Trespass *de bonis asportatis* by Thomas Smith against H. P. Carter, sheriff, and Rueben Parks, an execution creditor of James E. Smith and R. H. Evans for selling and converting to their use several piles of lumber. The lumber was sold on a judgment against Smith and Evans, and was claimed by Thomas Smith.

At the trial before Ingham, P. J., it appeared that James E. and Thomas Smith, who were brothers, entered into a partnership on the 2d of January 1876, which partnership was dissolved at the end of one year, when it was agreed that James E. Smith should keep all the property and should pay Thomas $1102, but that on the 27th of April 1877, they made another settlement of their affairs when it was agreed that instead of the $1102 in cash due him, he should take a quantity of lumber which was specified

in a bill of sale given in evidence, stating where the lumber was piled. This lumber which was piled in a secluded place on the property of another was sold by the sheriff to Parks, on the judgment above alluded to. At the sale, Thomas Smith gave notice that he was the owner of the lumber.

The defendants contended that the transfer from James Smith to his brother Thomas was fraudulent in fact and law, and that upon the whole evidence there was no such case as would entitle the plaintiff to recover.

In refusing to sustain this contention, the court relied upon the decision in McKibbin v. Martin, 14 P. F. Smith 352, which the court read at length, and, inter alia, added: "We think there is sufficient in the case to require the consideration of the jury, and that it is not for the court to dispose of the question. It seems to us to be rather a mixed question of law and fact. * * * This case must be considered with a reasonable view of the circumstances which surround it. Where there is no evidence that it was necessary to remove the lumber to a market, and no positive evidence that it was a lumber-yard where piled—a jury should take into consideration the evidence that was given upon the subject; that is, whether in the natural order of business, considering the place where the lumber was piled, in whose possession or upon whose land it was, whether it was expected to be sold by purchasers coming and buying it there, or whether the natural course of business would be an immediate removal. All these matters are to be taken into consideration by the jury in determining whether the fact of leaving it there at the time was evidence of fraud or otherwise."

Verdict for plaintiff, and after judgment thereon, defendant took this writ, and alleged that the court erred in charging as above.

*Sittser & Harding*, for plaintiff in error.—The burden is upon the plaintiff to show a delivery, either actual or constructive, such as the law requires to make a sale valid as against creditors. A mere bill of sale is not sufficient: Haynes v. Hunsicker, 2 Casey 58; Long v. Knapp, 4 P. F. Smith 514. The jury can pass upon a question of actual fraud with but little direction; but to pass on the question of legal fraud they need some instruction from the court. The opinions of the Supreme Court are not intended to instruct juries, but courts and the bar. And we submit that what was read from McKibbin v. Martin, with the accompanying remarks, in view of the facts of this case, was calculated to mislead the jury.

*B. W. Lewis, F. Ansart* and *Wm. Piatt & Sons*, for defendant in error.—If in this case it is the duty of the court to say that the sale of the lumber to Thomas Smith was fraudulent in law and

[Parks *v.* Smith.]

void as to the creditors of James E. Smith, there will be an instance of a legal presumption overturning an honest sale. The evidence clearly shows that there was no fraud in fact, that the the sale was honest and the dealing fair. The property in question was of a kind not susceptible of manual delivery, "and the law only requires such a delivery and change of possession as the nature of the property will admit of:" Chase *v.* Ralston, 6 Casey 539; Long *v.* Knapp, *supra;* Dunlap *v.* Bournonville, 2 Casey 72; McMarlan *v.* English, 24 P. F. Smith 299; Witzman *v.* Simpson, 1 W. N. C. 554. Where there is conflicting evidence as to a change of possession of personal property, after a sale of it, it should be referred to the jury: Forsyth *v.* Matthews, 2 Harris 100.

The judgment of the Supreme Court was entered, March 29th 1880,

PER CURIAM.—This case was submitted to the jury by the learned judge in the court below in a full and able charge, upon the principles settled to be applicable upon the question of fraud in law from retention of possession in McKibbin *v.* Martin, 14 P. F. Smith 352. It would have been manifest error if he had taken the case from the jury, as he was requested to do by the point presented by the defendants.

Judgment affirmed.